KOVAR

V.

GMRI, INC, d/b/a THE OLIVE GARDEN ITALIAN RESTAURANTS

CASE NO. A-20-820490-C

**NOTICE OF REMOVAL OF ACTION
UNDER 28 U.S.C. § 1441 (DIVERSITY)**

**Exhibit A
State Court Complaint**

**COMP**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

CASE NO: A-20-820490-C
Department 30

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

RACHEL W. KOVAR, an individual,

    Plaintiff,

vs.

GMRI, INC. d/b/a THE OLIVE GARDEN ITALIAN RESTAURANT, a Florida foreign corporation; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,

    Defendants.

CASE NO.:
DEPT. NO.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**ARBITRATION EXEMPTION CLAIMED:**

    **Matter in Controversy Exceeds $50,000 in damages**

///

///

**COMES NOW**, Plaintiff, RACHEL W. KOVAR ("Ms. Kovar"), by and through her counsel of record, the law firm O'REILLY LAW GROUP, LLC; GILLOCK & ASSOCIATES; and SAM & ASH, LLP, and hereby makes her complaint against the above named Defendants, DOE Individuals I through X, and ROE Corporations and Organizations I through V, inclusive (collectively referred to as "Defendants") as follows:

## I.

## PARTIES

1. At all times relevant to this case and controversy, Plaintiff Ms. Kovar was, and is, a resident of San Francisco, California.

2. At all times relevant to this case and controversy, GMRI, INC. was, and is, a Florida foreign corporation, doing business as THE OLIVE GARDEN ITALIAN RESTAURANT ("Olive Garden"), licensed to do business in the City of Las Vegas, located at 10800 W. Charleston Blvd., Las Vegas, Nevada 89135, and thereby subject to the laws of the State of Nevada.

3. Plaintiff is without sufficient information to properly name the true names of defendants DOE Individuals I through X and ROE Corporations and Organizations I through V ("Fictitious Defendants"), and Plaintiff reserves the right to amend the complaint to more properly identify the Fictitious Defendants. Each Fictitious Defendant is in some way liable to Plaintiff or claims some right, title, or interest in the Olive Garden that is subsequent to or subject to the interests of Plaintiff. Each Fictitious Defendant is in some way liable for damages to Plaintiff due to the ownership interest, agency relationship, or partnership interest with the Olive Garden and/or its owners, managers, supervisors, employers, employees, contractors, or other principals or agents acting for or on behalf of the Olive Garden. Each Fictitious Defendant is directly and/or vicariously liable to Plaintiff due to the actual, apparent, implied, or express authority granted to or by such Fictitious Defendant by or to any owner, manager, supervisor, employer, employee, contractor, or

other principal or agent acting for or on behalf of the Olive Garden and any of its subsidiaries or parent companies.

## II.

## JURISDICTION

4. The Court has personal jurisdiction over the Olive Garden, as it is a Las Vegas licensed restaurant doing business within Clark County, Nevada.

5. The Court has subject matter jurisdiction as to this case and controversy as the injury sustained by Ms. Kovar occurred in Clark County, Nevada.

6. Upon information and belief, the Court has jurisdiction over the Fictitious Defendants, as the Fictitious Defendants engaged in business or took actions within the State of Nevada regarding the alleged injuries sufficient to establish personal jurisdiction.

## III.

## VENUE

7. Venue is proper in this judicial district, because the case or controversy arises from incidents occurring in this district.

## IV.

## FACTUAL BACKGROUND

### (Allegations Common to All Causes of Action)

8. On or about September 17, 2018, Ms. Kovar was dining at the Olive Garden at 10800 W. Charleston Blvd. in Las Vegas, Nevada, celebrating her birthday with family and friends.

9. On or about September 17, 2018, an employee of the Olive Garden unexpectedly, and without warning, dropped stacks of used tableware including, but not limited to, plates and glasses onto Ms. Kovar's head, neck, shoulders, and upper back (the "Incident") while she was sitting down dining.

10. As a result of the Incident, Ms. Kovar felt immediate radiating pains in her head, neck, bilateral shoulders, and back.

11. Embarrassed, crying, and in severe pain, Ms. Kovar immediately rushed to the restroom.

12. While in the bathroom, Ms. Kovar proceeded to remove portions of her clothing, noticing shards and chips of glass falling to the floor from under her clothing.

13. After the Incident, Ms. Kovar was taken back to her hotel by her friends. While in the hotel room, Ms. Kovar took ibuprofen in an attempt to moderate her pain.

14. All during the night of September 17, 2018, Ms. Kovar's pain did not subside; she continued to endure excruciating burning pains in her back, head, neck, and shoulders.

15. On or about the morning of September 18, 2018, Ms. Kovar presented herself to the emergency room of Spring Valley Hospital Medical Center ("Spring Valley Hospital") in Las Vegas, Nevada.

16. Ms. Kovar underwent x-rays of her right shoulder and subsequently was discharged with prescribed pain medications and muscle relaxers; she was instructed to return to the emergency room if her symptoms worsened or persisted.

17. Ms. Kovar continued to have worsening pains including, but not limited to, numbness, cold and tingling sensations, and radiating pains in her right arm.

18. As a result of these worsening symptoms, Ms. Kovar returned to the emergency room of Spring Valley Hospital on or about September 29, 2018.

19. A CT scan of Ms. Kovar's neck was performed revealing a type II fracture of the cervical spine.

20. Ms. Kovar was placed in a cervical collar and admitted to Spring Valley Hospital for consultation of her neck fracture.

21. Thereafter, Ms. Kovar returned to her home in San Francisco, California, where she continued to receive medical care and treatment for her injuries and neck fracture; she has been advised that she will require surgical intervention.

22. Subsequent to the Incident, Ms. Kovar became ill with severe pneumonia, which developed into chronic asthma, requiring lung treatments.

23. As a result of the Incident, Ms. Kovar suffers from depression, stress, and anxiety; she remains fearful of her cervical fracture worsening or becoming paralyzed if she is bumped into by someone or something is dropped on her.

24. As a result of the stress and anxiety caused by this Incident, Ms. Kovar suffers from sleeplessness.

25. As a result of the depression caused by this Incident, Ms. Kovar takes depression medication.

26. As a result of the Incident, Ms. Kovar has suffered past and future general and special damages, including lost wages, medical expenses, emotional distress, and pain and suffering.

27. As a result of the Incident, Ms. Kovar has had to retain counsel to prosecute this action.

V.

**FIRST CAUSE OF ACTION**

**(Vicarious Liability/Respondeat Superior as to Defendant OLIVE GARDEN)**

28. Ms. Kovar repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

29. On or about September 17, 2018, an employee or agent of the Olive Garden negligently breached a duty of care owed to Ms. Kovar when the employee caused a stack of plates and glasses to fall down on Ms. Kovar's head, neck, back, and shoulders.

30. As a result of the negligence of the employee, Ms. Kovar has suffered the injuries and damages alleged herein.

31. Olive Garden is vicariously liable for the negligence of its employees and agents that occur while the employee or agent is acting within the scope of his/her employment.

32. The employee or agent of the Olive Garden who injured Ms. Kovar was acting within the scope of his/her employment when the employee breached the duty owed to Ms. Kovar as the employee was transporting used tableware through the restaurant seating area.

33. Therefore, Olive Garden is vicariously liable for the negligence of its employee or agent and for Ms. Kovar's injuries and damages as alleged herein and as proven at trial.

34. As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future general damages in an amount in excess of $15,000.00.

35. As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future special damages in an amount in excess of $15,000.00.

36. As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorneys' fees and costs.

VI.

**SECOND CAUSE OF ACTION**

**(Negligence as to Defendant OLIVE GARDEN)**

37. Ms. Kovar repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

38. As alleged herein, Olive Garden owed a duty of reasonable care to Ms. Kovar as an invitee and patron of its restaurant.

39. Olive Garden breached that duty of care when its employee or agent dropped tableware onto Ms. Kovar's head, neck, back, and shoulders.

40.     As a result of this breach, Ms. Kovar suffered injuries and damages as alleged herein.

41.     As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future general damages in an amount in excess of $15,000.00.

42.     As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future special damages in an amount in excess of $15,000.00.

43.     As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorneys' fees and costs.

## VII.

### THIRD CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress as to Defendant OLIVE GARDEN)**

44.     Ms. Kovar repeats and re-alleges the preceding paragraphs as though fully set forth herein by this reference.

45.     Olive Garden and its employee or agent acted in a negligent manner causing injury to Ms. Kovar as alleged herein.

46.     Ms. Kovar suffered emotional and physical distress from the damages caused by Olive Garden and its employee or agent's negligence.

47.     Olive Garden is liable to Ms. Kovar for negligent infliction of emotional distress due to the actions of its employee or agent.

48.     As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future general damages in an amount in excess of $15,000.00.

49.     As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has suffered past and future special damages in an amount in excess of $15,000.00.

50.  As a result of the negligence of the employee or agent of Olive Garden, Ms. Kovar has had to retain counsel to prosecute this action and is therefore entitled to collect her reasonable attorneys' fees and costs.

## VIII.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF respectfully requests that this Honorable Court issue an order:

(a)  Awarding past and future general damages to Ms. Kovar for an amount to be determined at trial;

(b)  Awarding past and future special damages to Ms. Kovar for an amount to be determined at trial;

(c)  Granting an award of costs and attorneys' fees against each Defendant; and

(d)  Granting any other just or equitable relief this Court deems proper.

### DEMAND FOR JURY TRIAL

Plaintiff herein demands a jury trial on all issues so triable and does not waive that right.

DATED: September 1, 2020                O'REILLY LAW GROUP, LLC


By: _/s/ Timothy R. O'Reilly_
Timothy R. O'Reilly, Esq.
Nevada Bar No. 8866
325 South Maryland Parkway
Las Vegas, Nevada 89101
*Attorneys for Plaintiff*

Electronically Filed
9/1/2020 3:50 PM
Steven D. Grierson
CLERK OF THE COURT

**IAFD**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RACHEL W. KOVAR, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GMRI, INC. d/b/a THE OLIVE GARDEN ITALIAN RESTAURANT, a Florida foreign corporation; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive,<br><br>Defendants. | CASE NO.:  A-20-820490-C<br>DEPT. NO.:  XXX<br><br>**INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)** |

Page 1 of 2

# INITIAL APPEARANCE FEE DISCLOSURE (NRS CHAPTER 19)

Pursuant to NRS Chapter 19, as amended by Senate Bill 106, filing fees are submitted for parties appearing in the above entitled action as indicated below:

| New Complaint Fee | 1st Appearance Fee |
|---|---|
| ☐ $1530 ☐ $520 ☐ $299 ☒ $270.00 | ☐ $1483.00 ☐ $473.00 ☐ $223.00 |

Name:  RACHEL W. KOVAR

_____  ☐ $30
_____  ☐ $30
_____  ☐ $30
_____  ☐ $30

☐ Total of Continuation Sheet Attached                                    ☐ $____

TOTAL REMITTED: (Required)                    Total Paid              $ **270.00**

DATED: September 1, 2020                **O'REILLY LAW GROUP, LLC**

By:   /s/ Timothy R. O'Reilly
         Timothy R. O'Reilly, Esq.
         Nevada Bar No. 8866
         325 South Maryland Parkway
         Las Vegas, Nevada 89101
         *Attorneys for Plaintiff*

SEP 1 0 2020



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

GMRI, Inc.
Terry Carter
Darden Restaurants, Inc.
1000 Darden Center Drive
Orlando FL 32837

09/11/2020

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-2672

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| # | Field | Value |
|---|---|---|
| 1. | Entity Served:<br>Entity Served If Different: | GMRI, Inc.<br>GMRI, Inc. d/b/a Olive Garden Italian Restaurant |
| 2. | Title of Action: | Rachel W. Kovar vs. GMRI, Inc. d/b/a Olive Garden Italian Restaurant, et al. |
| 3. | Document(s) Served: | Summons - Civil<br>Complaint and Demand for Jury Trial |
| 4. | Court/Agency: | Clark County District Court |
| 5. | State Served: | Nevada |
| 6. | Case Number: | A-20-820490-C |
| 7. | Case Type: | Vicarious Liability / Respondeat Superior as to Defendant Olive Garden |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday 09/10/2020 |
| 10. | Date to Client: | Friday 09/11/2020 |
| 11. | # Days When Answer Due:<br>Answer Due Date: | 20<br>Wednesday 09/30/2020 — CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | Sop Sender:<br>(Name, City, State, and Phone Number) | Timothy R. O'Reilly, Esq.<br>Las Vegas, NV<br>702-382-2500 |
| 13. | Shipped To Client By: | Priority Mail and Email with PDF Link |
| 14. | Tracking Number: | |
| 15. | Handled By: | 291 |
| 16. | Notes: | Please note there are other Due Dates listed in the document. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**SEI**
TIMOTHY R. O'REILLY, ESQ.
Nevada Bar No. 8866
**O'REILLY LAW GROUP, LLC**
325 S. Maryland Parkway
Las Vegas, Nevada 89101
Telephone: (702) 382-2500
Facsimile: (702) 384-6266
E-Mail: efile@oreillylawgroup.com

GERALD I. GILLOCK, ESQ.
Nevada Bar No. 51
**GERALD I. GILLOCK & ASSOCIATES**
428 South Fourth Street
Las Vegas, Nevada 89101
Telephone: (702) 386-0000
Facsimile: (702) 385-2604
gillock@gmk-law.com

SAMUEL MIREJOVSKY, ESQ.
Nevada Bar No. 13919
ASHLEY M. WATKINS, ESQ.
Nevada Bar No. 13981
**SAM & ASH, LLP**
1108 S. Casino Center
Las Vegas, Nevada 89104
Telephone: (702) 820-4000
Facsimile: (702) 820-4444
*Attorneys for Plaintiff*

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| RACHEL W. KOVAR, an individual, | CASE NO.: A-20-820490-C |
| Plaintiff, | DEPT. NO.: XXX |
| vs. | |
| GMRI, INC. d/b/a THE OLIVE GARDEN ITALIAN RESTAURANT, a Florida foreign corporation; DOE Individuals I through X; and ROE Corporations and Organizations I through V, inclusive, | |
| Defendants. | |

**SUMMONS – CIVIL**

**GMRI, INC. D/B/A THE OLIVE GARDEN ITALIAN RESTAURANT**

Page 1 of 2

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

**TO THE DEFENDANT(S):** a civil Complaint has been filed by the Plaintiff(s) against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

    (a) File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    (b) Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

**STEVEN D. GRIERSON**
**CLERK OF COURT**

Submitted by:

**O'REILLY LAW GROUP, LLC**

By: /s/ Timothy R. O'Reilly
    Timothy R. O'Reilly, Esq.
    Nevada Bar No. 8866
    325 S. Maryland Parkway
    Las Vegas, Nevada 89101
    Telephone: (702) 382-2500
    Attorneys for Plaintiff

By: *Robyn Rodriguez*   9/2/2020
    Deputy Clerk          Date
    Regional Justice Center
    200 Lewis Avenue
    Las Vegas, Nevada 89155
    Robyn Rodriguez